**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. _____**

| | |
|---|---|
| KENDALYN PHILLIPS, individually and on behalf of all others similarly situated,, <br><br>          Plaintiff, <br><br>    v. <br><br>BG RETAIL LLC D/B/A FAMOUS FOOTWEAR, <br><br>          Defendant. | (Removed from the Circuit Court of the 17th Judicial Circuit in Broward County, Case No.: CACE-26-008277) |

**DEFENDANT'S NOTICE OF REMOVAL**

**TO: THE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

PLEASE TAKE NOTICE that defendant BG Retail, LLC ("Defendant") hereby removes this action from the Circuit Court of the 17th Judicial Circuit in Broward County, Florida to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 as follows:

**THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER**

1.     A notice of removal is timely if filed within thirty (30) days after service of the complaint. 28 U.S.C. § 1446; *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999).

2.     Plaintiff Kendalyn Phillips ("Plaintiff") filed her complaint on May 20, 2026. Defendant was served on July 1, 2026. Therefore, this notice is being filed within 30 days after

defendant was served with the complaint and is timely.

3.      Plaintiff filed this action in the Circuit Court of the 17th Judicial Circuit in Broward County, Florida. This action is thus properly removed to the United States District for the Southern District of Florida, which embraces Broward County within its jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

4.      Defendant will provide prompt written notice to Plaintiff and is filing a copy of this notice with the Clerk of the Circuit Court of the 17th Judicial Circuit in Broward County, Florida, pursuant to 28 U.S.C. § 1446(d).

## STATE COURT COMPLAINT

5.      On May 20, 2026, Plaintiff filed a purported class action complaint in the Circuit Court of the 17th Judicial Circuit in Broward County, Florida, case entitled *Kendalyn Phillips v. BG Retail, LLC d/b/a Famous Footwear*, Case No. CACE-26-008277, setting forth two claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), based on alleged violations of 47 C.F.R. §§ 64.1200(c) and (d). A copy of the complaint is attached hereto as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(a), Defendant also submits with this notice a copy of all process, pleadings, and orders served upon it in the action, which are attached hereto as **Exhibit B**.

6.      Plaintiff alleges that, on or about November 24, 2025, she opted out of Defendant's marketing text messages by replying with a stop instruction. Compl. ¶ 13. She claims that Defendant allegedly ignored her request and continued to solicit her on May 17 and May 18, 2026. *Id.* at ¶ 14. Plaintiff further alleges that Defendant engages in unsolicited text messaging without the required policies, procedures, and personnel training, and sends text messages to consumers who have registered their telephone numbers on the National Do Not Call Registry. *Id.* at ¶¶ 18-

22.

7.      Plaintiff brings this action on behalf of two proposed classes: (i) the "IDNC Class," consisting of all U.S. persons who received two or more marketing texts from defendant within a 12-month period after submitting a stop instruction; and (ii) the "DNC Class," consisting of all U.S. persons whose telephone numbers were listed on the National Do Not Call Registry for at least thirty days but who nonetheless received more than one marketing text from Defendant within a twelve-month period after submitting a stop instruction. *Id.* at ¶ 32.

8.      Plaintiff seeks injunctive relief, statutory damages, declaratory relief, and attorneys' fees. *See id.* at ¶ 8, "Prayer for Relief" at 13-14.

## REMOVAL IS PROPER UNDER FEDERAL QUESTION JURISDICTION

9.      Removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiff's claims arise under the TCPA, 47 U.S.C. § 227, and its implementing regulations, including 47 C.F.R. §§ 64.1200(c) and 64.1200(d).

10.      Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Plaintiff's Complaint asserts two causes of action under the TCPA. *See* Compl. ¶¶ 43–68. Because Plaintiff's claims arise exclusively under federal law, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. § 1441. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) (finding TCPA claims arise under federal law for purposes of § 1331); *see Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1221 (S.D. Fla. 2020) (holding removal of TCPA claim proper under federal question jurisdiction).

## CONCLUSION

For the reasons stated above, this action is within the Court's original jurisdiction and meets

all requirements for removal, such that removal is proper under 28 U.S.C. §§ 1331, 1441, and 1446. Accordingly, the above-entitled matter is hereby removed from the 17th Judicial Circuit in Broward County, Florida to this Court.

Dated: July 31, 2026

Respectfully submitted,
Defendant,
**BG RETAIL, LLC,**
By their attorneys,

By:   /s/ *Janelle A. Weber*

JANELLE A. WEBER, #17630 (FL)
**MANTA LAW**
4039 Gunn Highway
Tampa, FL 33618
Phone: (813) 982-3663
Fax: (813) 982-3810
jweber@mantalaw.com

**NORTON ROSE FULBRIGHT US LLP**
ALEXANDER B. GIRALDO, #1061156 (FL)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-7492
Facsimile: (214) 855-8200
alex.giraldo@nortonrosefulbright.com

JEFFREY B. MARGULIES, #126002 (CA)
EVA YANG, #306215 (CA)
ALEXANDRA M. PEREZ, #350867 (CA)
555 South Flower Street, Forty-First Floor
Los Angeles, California  90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
jeff.margulies@nortonrosefulbright.com
eva.yang@nortonrosefulbright.com
alexandra.perez@nortonrosefulbright.com

***Pro Hac Vice Forthcoming***

- 4 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2026, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on the party identified below, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: __/s/ *Janelle A. Weber*
      JANELLE A. WEBER

# EXHIBIT A



# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

### DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 7/24/2026 2:36:28 PM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F |
| **Case Docket:** | 5/18/2026 - Complaint (eFiled) - 14 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A2026072414332646C9 |

### HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.



Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 1 of 14

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

Case No.:

**KENDALYN PHILLIPS**
*individually and on behalf of all*
*others similarly situated,*                                          **CLASS ACTION**

Plaintiff,                                          **JURY TRIAL DEMANDED**

v.

**BG RETAIL LLC D/B/A FAMOUS FOOTWEAR**

Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Kendalyn Phillips ("Plaintiff") brings this class action against BG Retail LLC d/b/a Famous Footwear ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) (the "TCPA"). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

1

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 05/18/2026 04:07:00 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS
A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD
WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY



Digitally signed by Brenda D Forman
Date: 2026.07.24 14:36:30 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 2 of 14

2.      The TCPA affords special protections for people who, like Plaintiff, requested to be placed on a company's internal do not call list. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after requesting to be placed on the company's internal do not call list is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

3.      The TCPA likewise affords special protections for people who, like Plaintiff, have their phone number registered on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after registering their phone number on the National Do Not Call List is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4.      The problem with receiving unwanted telemarketing communications is a problem that most people in this country, like Plaintiff, frequently face. For example, in 2024 alone, approximately 52.8 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited January 6, 2025). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790 11553770803.

**NATURE OF THE CLAIM**

5.      This is a putative class action brought pursuant to the TCPA.

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 3 of 14

6.      To promote its goods, services, and/or properties, Defendant engages in unsolicited text messaging and continues to solicit consumers after they have opted out of Defendant's solicitations. Defendant also engages in telemarketing without the required policies and procedures, and training of its personnel engaged in telemarketing. Further, to promote its goods, services, and/or properties, Defendant engages in unsolicited text messages to consumers that have registered their telephone numbers on the National Do Not Call Registry.

7.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the intrusion upon seclusion, invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and members of the Classes.  Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Classes, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $50,000, exclusive of interest, costs, and attorney's fees.

9.      The Court has personal jurisdiction over Defendant and venue is proper in this County because Defendant directs, markets, and provides its business activities to this County, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this County.

**PARTIES**

10.     Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Broward County, Florida.

11.     Defendant is a limited liability company with its headquarters located in St. Louis, Missouri.

3

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 4 of 14

12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**FACTS**

13. On or about November 24, 2025, Plaintiff requested to opt-out of Defendant's marketing text messages by replying with a stop instruction.

14. Defendant ignored Plaintiff's request and continued soliciting Plaintiff, including but not limited to on the following dates:

    a. May 17, 2026; and

    b. May 18, 2026

15. Overall, Defendant sent Plaintiff more than one marketing text message *after* Plaintiff's opt-out request.

16. The purpose of Defendant's text messages was to solicit the sale of consumer goods, services, and/or properties.

17. The purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's goods, services, and/or properties.

18. Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by telling Defendant not to contact them anymore, but Defendant continued to initiate solicitations to Plaintiff.

19. Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant. The precise details regarding its lack of requisite policies and procedures are solely within Defendant's knowledge and control.

4

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 5 of 14

20.     Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not provide training to its personnel engaged in telemarketing. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

21.     Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not maintain a standalone do-not-call list. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

22.     Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made at least one opt-out request and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to initiate solicitations.

23.     Defendant sent at least two solicitations after Plaintiff's first opt-out request.

24.     Plaintiff is the regular user of the telephone number that received the above text message solicitations.

25.     Plaintiff registered the cellular telephone number on the National Do-Not-Call Registry on or about July 11, 2024.

26.     Plaintiff utilizes the cellular telephone that received Defendant's text messages for personal purposes and the number is Plaintiff's residential telephone line.

27.     Upon information and belief, Defendant has access to outbound transmission reports for all text messages placed advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each text messages sent to Plaintiff and the members of the Classes. Defendant also has access to call logs showing Plaintiff's and the Class members' inbound opt-out requests.

28.     Plaintiff and the Class Members revoked any consent or permission they may have previously provided to Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages.

29.     Plaintiff and the Class Members terminated any business relationship they may have previously had with Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages.

30.     Defendant's solicitations caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

### PROPOSED CLASS

31.     Plaintiff brings this case as a class action pursuant to Fla.R.Civ.P. 1.220, on behalf of Plaintiff and all others similarly situated.

32.     Plaintiff brings this case on behalf of the classes defined as follows (collectively, the "Classes"):

> **IDNC Class - all persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received two or more text messages within any 12-month period, from or on behalf of Defendant, regarding Defendant's goods, services, or properties, to said person's residential telephone number, *after* communicating to Defendant that they did not wish to receive text messages by replying with a "stop" or similar opt-out instruction.**

> **DNC Class - all persons in the United States who, within the four years prior to the filing of this action through the date of class certification, were sent more than one text message within any 12-month period, where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, regarding Defendant's goods, services, or properties, to said person' residential cellular telephone number, after making a request to Defendant to not receive further text messages by replying with a "stop" or similar opt-out instruction in response to**

6

**Defendant's text message(s).**

33.     Plaintiff reserves the right to modify the definition of the Classes as warranted as facts are learned in further investigation and discovery.

34.     Defendant and its employees or agents are excluded from the Classes.

NUMEROSITY

35.     Plaintiff does not know the exact number of members of the Classes but is informed and believes that there are at least 50 individuals that fall within each class definition given Defendant's use of automated solicitations to solicit consumers and refusal to honor stop requests.  The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

36.     The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery.  Identification of the members of the Classes is a matter capable of ministerial determination from Defendant's call records.

COMMON QUESTIONS OF LAW AND FACT

37.     There are numerous questions of law and fact common to members of the Classes which predominate over any questions affecting only individual members of the Classes.  Among the questions of law and fact common to the members of the Class are:

    a.   As to the IDNC Class:

        i.   Whether Defendant initiated solicitations to Plaintiff and class members;

        ii.   Whether Defendant continued to text message solicitations after opt-out requests;

        iii.   Whether Defendant failed to honor Plaintiff's and the class members' opt-out requests;

        iv.   Whether Defendant implemented the requisite training of personnel under section 64.1200;

7

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 8 of 14

       v.   Whether Defendant maintains an internal do-not-call list and instructs its employees on how to use the list;

       vi.   Whether Defendant maintains the required policies and procedures under section 64.1200; and

       vii.   Whether Defendant is liable for damages, and the amount of such damages.

  b.  As to the DNC Class:

       i.   Whether Defendant initiated solicitations to Plaintiff and the class members who had registered their numbers on the National Do Not Call Registry; and

       ii.   Whether Defendant is liable for damages, and the amount of such damages.

38.     The common questions in this case are capable of having common answers, and Plaintiff and the members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

39.     Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

40.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

41.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the

8

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 9 of 14

Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the IDNC Class)**

43. Plaintiff re-alleges and incorporates paragraphs 1-42 as if fully set forth herein.

44. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity

9

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 10 of 14

making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. A person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) or any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a call is made or an affiliated entity.

45. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing text messages to wireless telephone numbers.

46. Plaintiff and the IDNC Class Members are residential telephone subscribers who received more than one text message made for purposes of telemarketing or solicitation purposes from Defendant, who has failed to implement the requisite procedures and personnel training as demonstrated by its failure to honor opt-out requests.

47. Plaintiff and the IDNC Class members made requests to Defendant not to receive solicitations from Defendant.

48. Plaintiff and the IDNC Class Members revoked any consent they may have provided Defendant by responding with "stop" or similar opt-out instructions.

49. Defendant continued to call Plaintiff and the IDNC Class Members to harass them into making purchases from Defendant.

10

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 11 of 14

50.   Defendant failed to honor Plaintiff's and the IDNC Class members' opt-out requests.

51.   Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

52.   Plaintiff and the IDNC Class members are informed and believe that Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing solicitations.

53.   Plaintiff and the IDNC Class members are informed and believe that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

54.   Plaintiff and the IDNC Class members are informed and believe that Defendant does not train its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call list.

55.   The details and specific facts regarding Defendant's failure to maintain the required policies and procedures, as well as personnel training, are solely within Defendant's knowledge and possession.

56.   Defendant has violated 47 C.F.R. § 64.1200(d) by failing to honor opt-out requests, failing to maintain the required policies and procedures, and failing to train its personnel engaged in telemarketing.

57.   Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the IDNC Class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation.

58.   Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the IDNC Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation.

11

## COUNT II
### VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)
#### (On Behalf of Plaintiff and the DNC Class)

59. Plaintiff re-alleges and incorporates paragraphs 1-42 as if fully set forth herein.

60. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

61. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers." 47 C.F.R. § 64.1200(e).

62. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

63. Plaintiff and the Class Members revoked any consent or permission they may have previously provided to Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages.

64. Plaintiff and the Class Members terminated any business relationship they may have previously had with Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages. See 47 C.F.R. § 64.1200(f)(5)(i). (A consumer's "seller-specific do-not-call

request . . . terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller.").

65.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

66.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one telephone solicitation in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

67.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the DNC Class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation.

68.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the DNC Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b)  An award of statutory damages for Plaintiff and each member of the Classes as applicable under the TCPA;

c)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

13

d) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list;

e) An injunction requiring Defendant to comply with 47 C.F.R. 64.1200(c); and

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

Dated: May 18, 2026

Respectfully Submitted,

/s/ Zane C. Hedaya
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
**SAMUEL J. AWAD, ESQ.**
Florida Bar No.: 1058426
E-mail: samuel@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*

14

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 14 of 14

# EXHIBIT B



# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

### DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 7/24/2026 2:36:32 PM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JHIAGABC-BGABCJJ-I |
| **Case Docket:** | 5/19/2026 - eSummons Issuance - 2 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A2026072414332646C9 |

### HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.



Filing # 248510814 E-Filed 05/19/2026 12:01:51 PM

Unique Code : CAA-FAA-BCABB-JHIAGABC-BGABCJJ-I Page 1 of 2

### IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
### IN AND FOR BROWARD COUNTY, FLORIDA

Case No.: CACE-26-008277

**KENDALYN PHILLIPS**
*individually and on behalf of all*
*those similarly situated,*

    **Plaintiff,**

                                                       **CIVIL ACTION SUMMONS**

v.

**BG RETAIL LLC D/B/A FAMOUS FOOTWEAR**

    **Defendant.**

_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**BG RETAIL LLC**
**D/B/A FAMOUS FOOTWEAR**
C/O: CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

    Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Jibrael. S. Hindi, Esq., The Law Offices of Jibrael S. Hindi, PLLC, 1515 NE 26th Street Wilton Manors, Florida 33305, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: _____ MAY 20 2026 _____

                                 Clerk of the Court

                                 By: _____
                                      As Deputy Clerk

BRENDA D. FORMAN

PAGE | **1** of **3**

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 05/19/2026 12:01:49 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY



Digitally signed by Brenda D Forman
Date: 2026.07.24 14:36:34 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Unique Code : CAA-FAA-BCABB-JHIAGABC-BGABCJJ-I Page 2 of 2

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).



# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

### DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 7/24/2026 2:36:28 PM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F |
| **Case Docket:** | 5/18/2026 - Complaint (eFiled) - 14 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A2026072414332646C9 |

### HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.



Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 1 of 14

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.:

**KENDALYN PHILLIPS**
*individually and on behalf of all*
*others similarly situated,*                                        **CLASS ACTION**

      Plaintiff,                                        **JURY TRIAL DEMANDED**

v.

**BG RETAIL LLC D/B/A FAMOUS FOOTWEAR**

      Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Kendalyn Phillips ("Plaintiff") brings this class action against BG Retail LLC d/b/a Famous Footwear ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) (the "TCPA"). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

1

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 05/18/2026 04:07:00 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY



Digitally signed by Brenda D Forman
Date: 2026.07.24 14:36:30 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 2 of 14

2.     The TCPA affords special protections for people who, like Plaintiff, requested to be placed on a company's internal do not call list. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after requesting to be placed on the company's internal do not call list is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

3.     The TCPA likewise affords special protections for people who, like Plaintiff, have their phone number registered on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after registering their phone number on the National Do Not Call List is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4.     The problem with receiving unwanted telemarketing communications is a problem that most people in this country, like Plaintiff, frequently face. For example, in 2024 alone, approximately 52.8 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited January 6, 2025). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790 11553770803.

### NATURE OF THE CLAIM

5.     This is a putative class action brought pursuant to the TCPA.

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 3 of 14

6.      To promote its goods, services, and/or properties, Defendant engages in unsolicited text messaging and continues to solicit consumers after they have opted out of Defendant's solicitations. Defendant also engages in telemarketing without the required policies and procedures, and training of its personnel engaged in telemarketing. Further, to promote its goods, services, and/or properties, Defendant engages in unsolicited text messages to consumers that have registered their telephone numbers on the National Do Not Call Registry.

7.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the intrusion upon seclusion, invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and members of the Classes. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Classes, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $50,000, exclusive of interest, costs, and attorney's fees.

9.      The Court has personal jurisdiction over Defendant and venue is proper in this County because Defendant directs, markets, and provides its business activities to this County, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this County.

## PARTIES

10.      Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Broward County, Florida.

11.      Defendant is a limited liability company with its headquarters located in St. Louis, Missouri.

3

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 4 of 14

12.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

13.     On or about November 24, 2025, Plaintiff requested to opt-out of Defendant's marketing text messages by replying with a stop instruction.

14.     Defendant ignored Plaintiff's request and continued soliciting Plaintiff, including but not limited to on the following dates:

a.  May 17, 2026; and

b.  May 18, 2026

15.     Overall, Defendant sent Plaintiff more than one marketing text message *after* Plaintiff's opt-out request.

16.     The purpose of Defendant's text messages was to solicit the sale of consumer goods, services, and/or properties.

17.     The purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's goods, services, and/or properties.

18.     Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by telling Defendant not to contact them anymore, but Defendant continued to initiate solicitations to Plaintiff.

19.     Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant. The precise details regarding its lack of requisite policies and procedures are solely within Defendant's knowledge and control.

4

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 5 of 14

20.     Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not provide training to its personnel engaged in telemarketing. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

21.     Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not maintain a standalone do-not-call list. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

22.     Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made at least one opt-out request and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to initiate solicitations.

23.     Defendant sent at least two solicitations after Plaintiff's first opt-out request.

24.     Plaintiff is the regular user of the telephone number that received the above text message solicitations.

25.     Plaintiff registered the cellular telephone number on the National Do-Not-Call Registry on or about July 11, 2024.

26.     Plaintiff utilizes the cellular telephone that received Defendant's text messages for personal purposes and the number is Plaintiff's residential telephone line.

27.     Upon information and belief, Defendant has access to outbound transmission reports for all text messages placed advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each text messages sent to Plaintiff and the members of the Classes. Defendant also has access to call logs showing Plaintiff's and the Class members' inbound opt-out requests.

5

28.     Plaintiff and the Class Members revoked any consent or permission they may have previously provided to Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages.

29.     Plaintiff and the Class Members terminated any business relationship they may have previously had with Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages.

30.     Defendant's solicitations caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

### PROPOSED CLASS

31.     Plaintiff brings this case as a class action pursuant to Fla.R.Civ.P. 1.220, on behalf of Plaintiff and all others similarly situated.

32.     Plaintiff brings this case on behalf of the classes defined as follows (collectively, the "Classes"):

> **IDNC Class - all persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received two or more text messages within any 12-month period, from or on behalf of Defendant, regarding Defendant's goods, services, or properties, to said person's residential telephone number, *after* communicating to Defendant that they did not wish to receive text messages by replying with a "stop" or similar opt-out instruction.**

> **DNC Class - all persons in the United States who, within the four years prior to the filing of this action through the date of class certification, were sent more than one text message within any 12-month period, where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, regarding Defendant's goods, services, or properties, to said person' residential cellular telephone number, after making a request to Defendant to not receive further text messages by replying with a "stop" or similar opt-out instruction in response to**

6

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 7 of 14

**Defendant's text message(s).**

33.     Plaintiff reserves the right to modify the definition of the Classes as warranted as facts are learned in further investigation and discovery.

34.     Defendant and its employees or agents are excluded from the Classes.

NUMEROSITY

35.     Plaintiff does not know the exact number of members of the Classes but is informed and believes that there are at least 50 individuals that fall within each class definition given Defendant's use of automated solicitations to solicit consumers and refusal to honor stop requests.  The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

36.     The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery.  Identification of the members of the Classes is a matter capable of ministerial determination from Defendant's call records.

COMMON QUESTIONS OF LAW AND FACT

37.     There are numerous questions of law and fact common to members of the Classes which predominate over any questions affecting only individual members of the Classes.  Among the questions of law and fact common to the members of the Class are:

  a.   As to the IDNC Class:

    i.   Whether Defendant initiated solicitations to Plaintiff and class members;

    ii.   Whether Defendant continued to text message solicitations after opt-out requests;

    iii.   Whether Defendant failed to honor Plaintiff's and the class members' opt-out requests;

    iv.   Whether Defendant implemented the requisite training of personnel under section 64.1200;

7

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 8 of 14

  v. Whether Defendant maintains an internal do-not-call list and instructs its employees on how to use the list;

  vi. Whether Defendant maintains the required policies and procedures under section 64.1200; and

  vii. Whether Defendant is liable for damages, and the amount of such damages.

 b. As to the DNC Class:

  i. Whether Defendant initiated solicitations to Plaintiff and the class members who had registered their numbers on the National Do Not Call Registry; and

  ii. Whether Defendant is liable for damages, and the amount of such damages.

38. The common questions in this case are capable of having common answers, and Plaintiff and the members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

39. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

40. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

## PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

41. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the

8

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 9 of 14

Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the IDNC Class)**

43.     Plaintiff re-alleges and incorporates paragraphs 1-42 as if fully set forth herein.

44.     In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity

9

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 10 of 14

making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. A person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) or any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a call is made or an affiliated entity.

45.     Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing text messages to wireless telephone numbers.

46.     Plaintiff and the IDNC Class Members are residential telephone subscribers who received more than one text message made for purposes of telemarketing or solicitation purposes from Defendant, who has failed to implement the requisite procedures and personnel training as demonstrated by its failure to honor opt-out requests.

47.     Plaintiff and the IDNC Class members made requests to Defendant not to receive solicitations from Defendant.

48.     Plaintiff and the IDNC Class Members revoked any consent they may have provided Defendant by responding with "stop" or similar opt-out instructions.

49.     Defendant continued to call Plaintiff and the IDNC Class Members to harass them into making purchases from Defendant.

10

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 11 of 14

50.     Defendant failed to honor Plaintiff's and the IDNC Class members' opt-out requests.

51.     Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

52.     Plaintiff and the IDNC Class members are informed and believe that Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing solicitations.

53.     Plaintiff and the IDNC Class members are informed and believe that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

54.     Plaintiff and the IDNC Class members are informed and believe that Defendant does not train its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call list.

55.     The details and specific facts regarding Defendant's failure to maintain the required policies and procedures, as well as personnel training, are solely within Defendant's knowledge and possession.

56.     Defendant has violated 47 C.F.R. § 64.1200(d) by failing to honor opt-out requests, failing to maintain the required policies and procedures, and failing to train its personnel engaged in telemarketing.

57.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the IDNC Class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation.

58.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the IDNC Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation.

11

**COUNT II**
**VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)**
**(On Behalf of Plaintiff and the DNC Class)**

59.     Plaintiff re-alleges and incorporates paragraphs 1-42 as if fully set forth herein.

60.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

61.     Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers." 47 C.F.R. § 64.1200(e).

62.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

63.     Plaintiff and the Class Members revoked any consent or permission they may have previously provided to Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages.

64.     Plaintiff and the Class Members terminated any business relationship they may have previously had with Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages. See 47 C.F.R. § 64.1200(f)(5)(i). (A consumer's "seller-specific do-not-call

12

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 13 of 14

request . . . terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller.").

65.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

66.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one telephone solicitation in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

67.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the DNC Class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation.

68.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the DNC Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b)  An award of statutory damages for Plaintiff and each member of the Classes as applicable under the TCPA;

c)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

13

Unique Code : CAA-FAA-BCABB-JHHFBFEE-BGABCJI-F Page 14 of 14

d) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list;

e) An injunction requiring Defendant to comply with 47 C.F.R. 64.1200(c); and

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

Dated: May 18, 2026

Respectfully Submitted,

/s/ Zane C. Hedaya
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
**SAMUEL J. AWAD, ESQ.**
Florida Bar No.: 1058426
E-mail: samuel@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*

14

# NORTON ROSE FULBRIGHT

July 20, 2026

Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201-7932
United States of America

Alexander Giraldo
Partner
Direct line +1 214 855 7492
alex.giraldo@nortonrosefulbright.com
Tel +1 214 855 8000
Fax +1 214 855 8200
nortonrosefulbright.com

**Via E-Portal**

The Honorable Martin J. Bidwill
Circuit Judge, Division 05
Seventeenth Judicial Circuit Court
Broward County Courthouse 201
S.E. 6th Street
Fort Lauderdale, Florida 33301

Re:     Case No. CACE26008277, *Kendalyn Phillips v. BG Retail LLC*

Dear Judge Bidwill:

We write to respectfully submit for the Court's consideration a Proposed Order on
Defendant BG Retail LLC's Unopposed Motion to Extend Time (the "Proposed Order"), a copy
of which is enclosed herewith. We have also enclosed a courtesy copy of the underlying
Motion. Counsel for Plaintiff has been provided with the same materials being submitted to the
Court, does not object to the Motion, and has confirmed agreement with the language of the
Proposed Order.

We respectfully request that the Court enter the Proposed Order and thank the Court for its time
and attention to this matter.

Best regards,

*Alexander Giraldo*

Alexander Giraldo
Bar No. 1061156

Enclosures: As stated

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, and Norton Rose Fulbright US LLP are separate legal entities and all of them are members
of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal
services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com/legal-notices.



# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

### DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 7/24/2026 2:35:58 PM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JHHFBFCH-BGABCJH-I |
| **Case Docket:** | 5/18/2026 - Civil Cover Sheet - 3 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A2026072414332646C9 |

### HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.



Unique Code : CAA-FAA-BCABB-JHHFBFCH-BGABCJH-I Page 1 of 3

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.     CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>KENDALYN PHILLIPS</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>BG RETAIL LLC D/B/A FAMOUS FOOTWEAR</u>
Defendant

_____

### II.     AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.     TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 05/18/2026 04:07:00 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY



Digitally signed by Brenda D Forman
Date: 2026.07.24 14:36:01 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Unique Code : CAA-FAA-BCABB-JHHFBFCH-BGABCJH-I Page 2 of 3

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  2

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Zane C Hedaya          Fla. Bar # 1048640
        Attorney or party               (Bar # if attorney)

Zane C Hedaya               05/18/2026
  (type or print name)            Date

- 3 -

Unique Code : CAA-FAA-BCABB-JHHFBFCH-BGABCJH-I Page 3 of 3



# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 7/24/2026 2:36:40 PM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JJEGFJFG-BGABDAB-D |
| **Case Docket:** | 7/20/2026 - Civil Cover Sheet - 1 Page |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A2026072414332646C9 |

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.



Filing # 252869573 E-Filed 07/20/2026 07:44:18 PM

Unique Code : CAA-FAA-BCABB-JJEGFJFG-BGABDAB-D Page 1 of 1

# ∧ NORTON ROSE FULBRIGHT

July 20, 2026

Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201-7932
United States of America

Alexander Giraldo
Partner
Direct line +1 214 855 7492
alex.giraldo@nortonrosefulbright.com
Tel +1 214 855 8000
Fax +1 214 855 8200
nortonrosefulbright.com

**Via E-Portal**

The Honorable Martin J. Bidwill
Circuit Judge, Division 05
Seventeenth Judicial Circuit Court
Broward County Courthouse 201
S.E. 6th Street
Fort Lauderdale, Florida 33301

Re:     Case No. CACE26008277, *Kendalyn Phillips v. BG Retail LLC*

Dear Judge Bidwill:

We write to respectfully submit for the Court's consideration a Proposed Order on Defendant BG Retail LLC's Unopposed Motion to Extend Time (the "Proposed Order"), a copy of which is enclosed herewith. We have also enclosed a courtesy copy of the underlying Motion. Counsel for Plaintiff has been provided with the same materials being submitted to the Court, does not object to the Motion, and has confirmed agreement with the language of the Proposed Order.

We respectfully request that the Court enter the Proposed Order and thank the Court for its time and attention to this matter.

Best regards,



Alexander Giraldo
Bar No. 1061156

Enclosures: As stated

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com/legal-notices.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 07/20/2026 07:44:17 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS
A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD
WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY

Digitally signed by Brenda D Forman
Date: 2026.07.24 14:36:42 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301



# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

---

### DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 7/24/2026 2:36:36 PM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JJEGFJEC-BGABDAA-C |
| **Case Docket:** | 7/20/2026 - Motion for Extension of Time - 3 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A2026072414332646C9 |

---

### HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.



Filing # 252869573 E-Filed 07/20/2026 07:44:18 PM

Unique Code : CAA-FAA-BCABB-JJEGFJEC-BGABDAA-C Page 1 of 3

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

KENDALYN PHILLIPS,
individually and on behalf of all
others similarly situated,

          Plaintiff,

v.

BG RETAIL LLC D/B/A FAMOUS
FOOTWEAR,

          Defendant.

Case No.:  CACE-26-008277

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE
PLEADING**

Pursuant to Florida Rule of Civil Procedure 1.090(b), Defendant BG Retail LLC d/b/a

Famous Footwear ("BG Retail" or "Defendant"), by and through its undersigned counsel, hereby

moves, with the consent of Plaintiff's counsel, for an extension of time, up to and including August

4, 2026, to file its responsive pleading in the above-captioned lawsuit. In support of its motion,

BG Retail states:

1.      Plaintiff filed the above-captioned lawsuit on May 18, 2026.

2.      Defendant's registered agent was served with a copy of the Complaint on July 1,

2026.

3.      The parties are currently engaged in discussions regarding the potential resolution

of this matter without the need for further court intervention.

4.      In order to facilitate those discussions and conserve judicial resources, BG Retail

respectfully requests and extension of time, up to and including August 4, 2026, to file a responsive

pleading in this matter.

- 1 -

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 07/20/2026 07:44:17 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS
A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD
WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY



Digitally signed by Brenda D Forman
Date: 2026.07.24 14:36:38 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

5.      The Defendant's counsel contacted Plaintiff's counsel to discuss this extension request, and Plaintiff's counsel consented to such an extension.

6.      The requested extension is not sought for purposes of delay and, if granted, will not prejudice any party. This is BG Retail's first extension request.

WHEREFORE, BG Retail respectfully requests an extension of time to file a responsive pleading, up to and including August 4, 2026.

Dated: July 20, 2026                          NORTON ROSE FULBRIGHT US LLP


By:    /s/ Alexander Giraldo
       Alexander Giraldo, #1061156 (FL)
       2200 Ross Avenue, Suite 3600
       Dallas, Texas 75201-7932
       Telephone: (214) 855-7492
       Facsimile: (214) 855-8200
       alex.giraldo@nortonrosefulbright.com

       *Attorney for Defendant BG Retail LLC d/b/a Famous Footwear*

- 2 -

Unique Code : CAA-FAA-BCABB-JJEGF JEC-BGABDAA-C Page 3 of 3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2026, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Florida Courts E-Filing Portal in accordance with Florida Rule of Judicial Administration 2.516.

Dated: July 20, 2026                        By:     /s/ Alexander Giraldo
                                                      Alexander Giraldo

- 3 -

Case 0:26-cv-62108-AHS   Document 1   Entered on FLSD Docket 07/31/2026   Page 52 of 57

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

KENDALYN PHILLIPS,
individually and on behalf of all
others similarly situated,

           Plaintiff,

        v.

BG RETAIL LLC D/B/A FAMOUS
FOOTWEAR,

           Defendant.

Case No.:  CACE-26-008277

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE
PLEADING**

Pursuant to Florida Rule of Civil Procedure 1.090(b), Defendant BG Retail LLC d/b/a

Famous Footwear ("BG Retail" or "Defendant"), by and through its undersigned counsel, hereby

moves, with the consent of Plaintiff's counsel, for an extension of time, up to and including August

4, 2026, to file its responsive pleading in the above-captioned lawsuit. In support of its motion,

BG Retail states:

1.      Plaintiff filed the above-captioned lawsuit on May 18, 2026.

2.      Defendant's registered agent was served with a copy of the Complaint on July 1,

2026.

3.      The parties are currently engaged in discussions regarding the potential resolution

of this matter without the need for further court intervention.

4.      In order to facilitate those discussions and conserve judicial resources, BG Retail

respectfully requests and extension of time, up to and including August 4, 2026, to file a responsive

pleading in this matter.

- 1 -

5.      The Defendant's counsel contacted Plaintiff's counsel to discuss this extension request, and Plaintiff's counsel consented to such an extension.

6.      The requested extension is not sought for purposes of delay and, if granted, will not prejudice any party. This is BG Retail's first extension request.

WHEREFORE, BG Retail respectfully requests an extension of time to file a responsive pleading, up to and including August 4, 2026.

Dated: July 20, 2026                NORTON ROSE FULBRIGHT US LLP


By:   */s/ Alexander Giraldo*
      Alexander Giraldo, #1061156 (FL)
      2200 Ross Avenue, Suite 3600
      Dallas, Texas 75201-7932
      Telephone: (214) 855-7492
      Facsimile: (214) 855-8200
      alex.giraldo@nortonrosefulbright.com

      *Attorney for Defendant BG Retail LLC d/b/a*
      *Famous Footwear*

- 2 -

- 3 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2026, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Florida Courts E-Filing Portal in accordance with Florida Rule of Judicial Administration 2.516.

Dated: July 20, 2026            By:    */s/ Alexander Giraldo*
                                            Alexander Giraldo



# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

### DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 7/24/2026 2:36:44 PM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JJEGFJHC-BGABDAC-B |
| **Case Docket:** | 7/20/2026 - Original Documents - 1 Page |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A2026072414332646C9 |

### HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.



**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

Unique Code : CAA-FAA-BCABB-JJEGFJHC-BGABDAC-B Page 1 of 1

KENDALYN PHILLIPS,
individually and on behalf of all
others similarly situated,

Plaintiff,

v.

BG RETAIL LLC D/B/A FAMOUS
FOOTWEAR,

Defendant.

Case No.:  CACE-26-008277

**ORDER ON UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE**
**RESPONSIVE PLEADING**

THIS CAUSE having come before the Court upon Defendant BG Retail LLC d/b/a Famous Footwear's Unopposed Motion for Extension of Time to File Responsive Pleading filed July 20, 2026, and the Court being duly advised in the premises, it is hereby ORDERED AND ADJUDGED that:

The Unopposed Motion for Extension of Time to Serve Responsive Pleading is GRANTED.

Defendant shall have through and including August 4, 2026 within which to serve its responsive pleading to Plaintiff's Complaint.

**IT IS SO ORDERED.**

Dated: _____        _____

THE HONORABLE MARTIN J. BIDWILL

- 1 -

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 07/20/2026 07:44:17 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS
A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD
WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY



Digitally signed by Brenda D Forman
Date: 2026.07.24 14:36:46 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Filing # 252869573 E-Filed 07/20/2026 07:44:18 PM

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

KENDALYN PHILLIPS,
individually and on behalf of all
others similarly situated,

        Plaintiff,

    v.

BG RETAIL LLC D/B/A FAMOUS
FOOTWEAR,

        Defendant.

Case No.: CACE-26-008277

**ORDER ON UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE
RESPONSIVE PLEADING**

THIS CAUSE having come before the Court upon Defendant BG Retail LLC d/b/a Famous Footwear's Unopposed Motion for Extension of Time to File Responsive Pleading filed July 20, 2026, and the Court being duly advised in the premises, it is hereby ORDERED AND ADJUDGED that:

The Unopposed Motion for Extension of Time to Serve Responsive Pleading is GRANTED.

Defendant shall have through and including August 4, 2026 within which to serve its responsive pleading to Plaintiff's Complaint.

    **IT IS SO ORDERED.**

Dated: _____

_____
THE HONORABLE MARTIN J. BIDWILL

- 1 -